ERNEST S. RACZKIEWICZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raczkiewicz v. Commissioner
Docket Nos. 15706-92, 23646-92
United States Tax Court
T.C. Memo 1993-617; 1993 Tax Ct. Memo LEXIS 628; 66 T.C.M. (CCH) 1761; December 23, 1993, Filed *628 For petitioner: Mary Ann Raczkiewicz (specially recognized). For respondent: William I. Miller. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: These cases were consolidated for the purpose of trial, briefing, and opinion. The consolidated cases were heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654(a)
1988
$ 6,878
$ 853.50
$ 343.90
$ 193.55
1989
7,893
875.00
-
203.52
After concessions, [2] the issues for decision are: (1) Whether there is a statutory limitation on any credit or refund of overpayments of petitioner's taxes for 1988 and 1989; and (2) whether petitioner is entitled to rental losses in *629 excess of those allowed by respondent. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Lyons, Illinois, when his petitions were filed in these cases. Petitioner did not file a Federal income tax return for taxable year 1988 before April 15, 1992, and did not file a Federal income tax return for taxable year 1989 before April 15, 1993. Respondent issued a notice of deficiency to petitioner for taxable year 1988 on April 10, 1992. As of that date, petitioner had not filed any income tax return for 1988 or any claim for refund for *630 that year. A notice of deficiency for taxable year 1989 was issued to petitioner on July 28, 1992. As of that date, petitioner had not filed any income tax return for 1989 or any claim for refund for that year. A 1988 joint Form 1040, U.S. Individual Income Tax Return for petitioner and his wife, Mary E. Raczkiewicz (Mrs. Raczkiewicz), was mailed to the Internal Revenue Service by certified mail on April 15, 1992. This return was received by the Internal Revenue Service on April 17, 1992. A 1989 joint Form 1040 for petitioner and Mrs. Raczkiewicz was mailed on April 15, 1993. No notice of deficiency was mailed to Mrs. Raczkiewicz for taxable years 1988 or 1989. The joint Federal income tax returns filed by petitioner and Mrs. Raczkiewicz show Federal income taxes withheld from their wages in the amounts of $ 6,008 for 1988 and $ 6,970 for 1989. Even if the disputed rental losses are disallowed, an overpayment will exist for each taxable year. Section 6512(b)(1) authorizes the Tax Court to determine the amount of an overpayment and requires that the overpayment determined be refunded or credited to the taxpayer, subject to the limitations imposed by section 6512(b)(3). In *631 this case, the applicable rule is found in section 6512(b)(3)(B) which provides: (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- * * * (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *
Pursuant to these provisions, a taxpayer is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Refund or credit may be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), or (d) with respect to such claim. Subsections (c) and (d) impose rules for special situations that are not present here. The relevant provision here is section 6511(b)(2) which provides: (b) Limitation on allowance of credits and refunds. -- * * * (2) Limit on amount of Credit or Refund. -- (A) Limit where claim filed within 3-year period. *632 -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
Subparagraph (A) is not applicable because no returns had been filed by petitioner at the time the claims for credit or refund were deemed filed by mailing of the notices of deficiency. ; , affd. ; *633 . Subparagraph (C) also is not applicable because it only applies when no claim for credit or refund was filed. Here, the mailing of the notice of deficiency is deemed to have been the filing of a claim for credit or refund. Sec. 6512(b)(3)(B). Subparagraph (B) does apply and provides that "the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Sec. 6511(b)2)(B). The claims for credit or refund for 1988 and 1989 are deemed to have been filed on the dates the notices of deficiency were mailed to petitioner; namely, April 10, 1992, and July 28, 1992, respectively. The 1988 and 1989 taxes at issue were paid through Federal income tax withholding, and therefore are deemed to have been paid on April 15, 1989, and April 15, 1990, respectively. Sec. 6513(b)(1). Thus, for each year in issue the taxes were paid more than 2 years prior to the deemed claim for credit or refund (the deficiency notice date). Refund or credit of the overpayment for each year is therefore barred. While the result may seem harsh in view *634 of the actual overpayments, the statute is precise and the result mandated by law. Petitioner failed to file his income tax returns when due. The unhappy result here, as in many other cases, is the consequence of "a problem of the taxpayer's own creation." . Although refund or credit of the taxes withheld in 1988 and 1989 are barred, for completeness we will address the issue of whether petitioner is entitled to rental losses claimed with respect to a 2-family residential dwelling located at 4200 Prescott, Lyons, Illinois (the property). The property was acquired in 1981 and was rented until 1986 or 1987 when the tenants' leases expired and they vacated the premises. At that time, petitioner began remodeling the property, attempting to correct what he referred to as "numerous violations." Petitioner's remodeling, begun prior to the taxable years at issue, continued throughout 1988 and 1989 and was ongoing at the time of trial in 1993. The property was never rented, nor was it advertised for rent after the remodeling began in 1986 or 1987, and petitioner received no rental income from the property in *635 1988 or 1989. Respondent contends the losses claimed by petitioner on the 1988 and 1989 returns are not allowable because the property was not held for rental during those years. The evidence supports respondent's position. Petitioner stated that because of the violations, "the village stepped in, and I have got to get them all corrected * * * I am in the process of doing that right now." At the time of trial, the property had been uninhabited for more than 5 years. On this record we find that the property, which had been vacant more than a year prior to 1988 and was not rented or advertised for rental at any time during the taxable years at issue, was not held for rental purposes during 1988 and 1989. See (property vacant for 5 years which was last rented in September 1974 had ceased to be held for rental by 1976). Accordingly, the rental losses attributable to the property are not allowable in 1988 and 1989. Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have agreed that petitioner is not liable for the additions to tax. Respondent accepts the information contained in petitioner's Federal income tax returns that were filed after the notices of deficiency were mailed, with the exception of rental losses claimed on the returns in the amounts of $ 7,934.96 and $ 8,674.24 for 1988 and 1989, respectively.↩